**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| OTTO RAY KIETZMAN, AIS #137979 | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 06-0138-KD-C |
| SUSAN F. WILSON, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,*[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

[1]By separate order, the Court's order granting plaintiff's motion to proceed without prepayment of fees (Doc. 5) has been rescinded due to the Court's discovery of three prior frivolous dismissals.

        > the prisoner is under imminent danger of serious physical injury.

Upon review of the records of this Court and of the United States District Court for the Middle District of Alabama, the undersigned finds that plaintiff has three prior actions that were dismissed as frivolous, namely, *Keitzman v. Davis, et al.*, No. 85-0503-C-S (S.D. Ala. Nov. 1, 1985); *Kietzman v. Gordne, et al.*, 85-0431-BH-S (S.D. Ala. May 17, 1985); and *Keitzman v. Green, et al.*, No. 93-0253 (M.D. Ala. June 8, 1993).

In the present action, plaintiff's complaint (Doc. 1) does not indicate that at the time of filing that plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). Rather, plaintiff's present action is concerned with plaintiff's inability to obtain a copy of a trial transcript and the denial of access to courts and to a fair hearing.[2]

Because plaintiff did not pay the $250.00 filing fee at the time he filed this action and has not met the § 1915(g)'s exception that he is "under imminent danger of serious physical injury," plaintiff's action is due to be dismissed without prejudice. *Dupree v.*

---

[2] Plaintiff previously filed a similar § 1983 action, *Kietzman v. Lee Stamp*, CA 01-0488-RV-S (S.D. Ala. June 12, 2002), which was concerned with plaintiff being unable to obtain his trial transcript and being denied access to a law library. This action was dismissed pursuant to 28 U.S.C. § 1915(g) because plaintiff failed to pay the $150 filing fee at the time of filing, which he was required to do on account of his three prior actions that had been dismissed as frivolous, which are noted *supra*.

Recently, plaintiff filed a petition for the writ of habeas corpus, challenging his 1983 convictions for possession of a forged instrument, second degree, which was dismissed as time-barred, *Keitzman v. Thomas*, CA 01-0314-BH-L (S.D. Ala. June 24, 2002).

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate that is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 24th day of May, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l. ***Objection***. Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>s/WILLIAM E. CASSADY</u>
UNITED STATES MAGISTRATE JUDGE

